**Roberto PINO, Appellant,**

v.

**Juan Jose PEREZ, Jr. and Senovio Cantu, Appellees.**

No. 13–00–248–CV.

Court of Appeals of Texas, Corpus Christi.

July 5, 2001.

John R. Griffith, Griffith, Saenz & Hill, L.L.P., McAllen, for appellant.

Rolando Cantu, McAllen, for appellees.

Before Justices HINOJOSA, CASTILLO and AMIDEI.[1]

## OPINION

AMIDEI, Justice (Assigned).

Appellant Roberto Pino, a non-resident defendant, filed this restricted appeal from a default judgment on the grounds the record fails to show that he was served with citation in strict compliance with the long arm statutes. It is apparent on the face of the record there is a lack of jurisdiction because of appellees' failure to strictly comply with the long arm statutes thereby rendering the default judgment void. We reverse and remand.

### Issues

Appellant urges four issues each stating the default judgment should be set aside, (1) for failure of appellees to prove service of process on the Secretary of State under Section 17.044 Texas Civil Practice and Remedies Code, (2) for failure of appellees to prove service of citation on appellant under Section 17.045 of the Texas Civil Practice and Remedies Code, (3) for the failure of the return to show the day and hour of service as required by Section 17.066 Texas Civil Practice and Remedies Code, and (4) for failure of appellees to prove service of citation on appellant under Section 17.063 Texas Civil Practice and Remedies Code.

### Standard of Review

A restricted appeal may be made by a party who did not participate in the hearing that resulted in the judgment complained of and who did not timely file post-judgment motions, request findings of fact and conclusions of law or a notice of appeal, provided the party files a notice of appeal within six months after the judgment was signed. TEX.R.APP.P. 26.1(c), 30 (statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals). Error must be apparent on the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Serv.*, 627 S.W.2d 390, 392 (Tex. 1982). This restricted appeal is a direct attack on the default judgment and there are no presumptions favoring valid issuance, service and return of the citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

151, 152 (Tex.1994); *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985).

■ Not only must the record show service of process on a nonresident, but the plaintiff's petition must allege the facts necessary under the Texas long-arm statute. *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94, 95 (Tex.1973). To support a default judgment when a nonresident is served under the Texas long-arm statute, the plaintiff must strictly comply with the requirements of the statute. *McKanna v. Edgar,* 388 S.W.2d 927, 930 (Tex.1965); *Whiskeman v. Lama,* 847 S.W.2d 327, 329 (Tex.App.—El Paso 1993, no writ). If jurisdiction of the court to render the judgment does not appear on the face of the record, the judgment must be reversed. *McKanna,* 388 S.W.2d at 928; *Mayfield v. Dean Witter Fin. Serv., Inc.,* 894 S.W.2d 502, 504 (Tex.App.—Austin 1995, writ denied).

### Facts and Procedural Background

The appellees' original petition alleges appellant resided at 282 Main Street, Eastchester, New York, and may be served by serving the Secretary of State without stating why or by what authority the Secretary of State could be served. A citation was issued on July 28, 1997, but no return of service on either the appellant or the Secretary of State was filed. The clerk's record contains a copy of the citation without the clerk's file mark thereon and without the certificate of return having been completed and signed by the clerk who apparently was requested to serve the citation by mailing to the Secretary of State certified mail return receipt requested.

On February 24, 1998, appellees filed their First Amended Original Petition which deleted the allegation that the Secretary of State could be served and instead substituted the allegation that the citation

could be served by serving Mr. David Laney, Chairman of the Texas State Highway and Public Transportation Commission. Another citation was issued on February 24, 1998, but no return of service on either the appellant or Mr. David Laney was filed. The clerk's record contains a copy of the citation without the clerk's file mark thereon and without the certificate of return having been completed and signed by the clerk who apparently was requested to serve the citation by mailing to Mr. David Laney, Chairman of the State Highway and Public Transportation Commission, certified mail return receipt requested.

The trial court signed a default judgment on November 18, 1999. Appellant was not present at the default judgment hearing. Appellant did not receive notice of the suit until his insurance company contacted him after a copy of the default judgment had been sent to the company by appellees or their attorney. Appellant filed a notice of appeal on April 14, 2000, within six months after the default judgment was signed.

Appellees request that we take judicial notice of a certificate from the Secretary of State certifying the receipt and forwarding of the citation to Roberto Pino, 282 Main St., Eastchester, NY, and that it was returned to the Secretary of State bearing the notation "Unclaimed." The Secretary of State's certificate, although dated August 25, 1997, was not filed until September 19, 2000, and was not included in the clerk's record herein.

### Analysis of Issues Presented

Appellant's issues question the validity of the service of process and its return.

■ There is no proof of service on appellant, the Secretary of State, or the Chairman of the Highway Commission under either of the long-arm statutes or oth-

erwise. The default judgment was granted notwithstanding a return of service had not been on file with the clerk ten days as required by Texas Rule of Civil Procedure 107. Not only was the day and hour not shown as pointed out in appellant's issue number three, the return was not signed by the clerk, nor was it filed. The certificate of the Secretary of State only proves that appellant was not served; however, since it was filed well after this appeal was perfected, it cannot be used to support the default judgment, as it was not on file with the clerk ten days prior to the day the default judgment was signed.

■ It is axiomatic that the service of citation is incomplete and defective without a return of the officer or authorized person executing the citation completed and filed as required by Texas Rule of Civil Procedure 107. There was no return for either of the citations issued. The certificate of the Secretary of State cannot be used by appellees for the further reason their First Amended Original Petition eliminated the Secretary of State as agent for service and substituted the Chairman of the Highway Commission instead. The original petition was superceded by the amended petition. Tex.R.Civ.P. 65. In other words, a citation, even if it had been actually served, without a proper return will not support a default judgment. It is immaterial whether appellant was actually served, but there is no proof in the record he was served.

There being no service of process on appellant, the trial court failed to obtain *in personam* jurisdiction over appellant and the default judgment is void. *See Whitney*, 500 S.W.2d at 96.

The appellant's issues are granted, the default judgment is reversed, and the cause is remanded for trial.