Shari FAZIO, Appellant,

v.

Sharyl NEWMAN, Appellee.

No. 11–02–00319–CV.

Court of Appeals of Texas,
Eastland.

July 10, 2003.

Rehearing Overruled Sept. 25, 2003.

G. Douglas Welch, James Wharton, Jeffrey B. Jones, Jones, Flygare, Brown & Wharton, Lubbock, Roy B. Longacre, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, L.L.P., Abilene, for appellant.

Barry Moscowitz, Henslee, Fowler, Hepworth & Schwartz, Rod Poirot, Cavazos, Hendricks, Poirot & Dewey, Dallas, Frank D. Scarborough, Glandon & Scarborough, Abilene, Lewis L. Isaacks, Gay, McCall, Isaacks, Gordon & Roberts, Plano, for appellee.

Panel consist of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

JIM R. WRIGHT, Justice.

This is an appeal from a default judgment in a slip-and-fall case. We reverse and remand.

Sharyl Newman sued Shari Fazio and others for injuries she sustained in a fall at Big 5 Sporting Goods in Abilene. Newman alleged in her petition that Fazio was an owner of the premises at all times material to the cause of action. Newman further alleged in her petition that Fazio and others were negligent in various functions pertaining to the premises.

Fazio resides in California. The District Clerk of Taylor County issued a citation to Fazio on April 10, 2002. The citation was sent by certified mail to Fazio in California. The district clerk filed the return of service on April 19, 2002. Attached to the return was the return receipt purportedly signed by Fazio on April 16, 2002. Fazio did not file an answer within the time period required by law. Newman filed a motion to sever the cause of action against Fazio from her claims against the other defendants. The trial court granted the motion on May 24, 2002, and it also entered a default judgment against Fazio for $650,000. On June 3, 2002, Fazio filed an answer. On October 24, 2002, Fazio filed a notice for restricted appeal.

■ In her first issue on appeal, Fazio contends that there was error on the face of the record because the return was fatally defective, that the pleadings failed to satisfy due process, and that the severance was improperly granted.

■ An appellant must establish the following four elements in order to be successful in a restricted appeal: (1) that the petition is brought within six months from the signing of the judgment; (2) that the party filing the petition was a party to the lawsuit; (3) that the party did not participate in the trial on the merits; and (4) that there is error apparent on the face of the record. TEX.R.APP.P. 30; *Campbell v. Fincher*, 72 S.W.3d 723 (Tex.App.-Waco 2002, no pet'n). Restricted appeals replace the former writ of error procedure. A restricted appeal, like an appeal by writ of error, is a direct attack. *Lewis v. Ramirez*, 49 S.W.3d 561 (Tex.App.-Corpus Christi 2001, no pet'n). Whether an error on the face of the record exists is determined by a consideration of all papers on file in the record. *Norman Communications v. Texas Eastman Company*, 955 S.W.2d 269, 270 (Tex.1997).

■ A default judgment cannot stand when service was not had in strict compliance with the Texas Rules of Civil Procedure. There is no presumption in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Strict compliance with the Texas Rules of Civil Procedure relating to the issuance, service, and return of citation must be shown on the face of the record, or the attempted service of process will be rendered invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Company, Inc.*, 690 S.W.2d 884, 885 (Tex. 1985).

TEX.R.CIV.P. 108 governs the form of notice, type of service, and the form of return for nonresidents and for those who are absent from the State and states in part:

Where the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant; and such notice may be served by any disinterested person competent to make oath of the fact in

the same manner as provided in Rule 106 hereof. The return of service in such cases shall be endorsed on or attached to the original notice, and shall be in the form provided in Rule 107, and be signed and sworn to by the party making such service before some officer authorized by the laws of this State to take affidavits, under the hand and official seal of such officer.

A return in the manner provided by TEX. R.CIV.P. 107 must contain the signature of the authorized person or officer executing the return, state when the citation was served, state the manner of service, and contain the return receipt with the addressee's signature when served by registered or certified mail; and, if the citation was not served, there also must be a showing of due diligence. However, Rule 108, which governs this case, additionally requires that the return be sworn to by the person serving the citation before an officer authorized to take affidavits under the hand and official seal of such officer. Rule 108. The other rules regarding citation make differentiations with regard to sheriffs, constables, clerks, authorized persons, and officers. Rule 108 does not make those differentiations; and the person, regardless of whom that may be, must swear to the return.

In this case, it is not in dispute that the appeal was brought within six months of the default judgment, that Fazio was a party to the suit, and that she did not participate in the trial. In connection with the last element, we agree with Fazio that the return was fatally defective. The return contained the signature of the clerk and the time and place service was executed, but was not sworn to by the clerk who made the service. Because there was not strict compliance with Rule 108, we find that the default judgment against Fazio cannot stand. Fazio's first issue on appeal is sustained. Because our holding on the first issue is dispositive of this appeal, we do not need to address Fazio's remaining issues.

The judgment of the trial court is reversed and remanded.[1]

---

1. See generally WILLIAM V. DORSANEO, III ET AL., TEXAS LITIGATION GUIDE § 31.21(5) (2002).