COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RICHARD ROSS,                                                )

                                                                              )

Appellant,                          )

                                                                              )           
No.  08-03-00079-CV

v.                                                                           )

                                                                              )                 Appeal from the

ACCESS HEALTHSOURCE, INC.,
As               )

Assignee of O. R. BROOKER,
W. A.                   )          
County Court at Law #7

PITCHFORD, NATALIE T.
BORNSTEIN,         )

MARIA G. CARDENAS, VERNOY                    )          of El Paso County,
Texas

WALKER, RANDOLPH WALDMAN,               )

WALKER JACKSON, and MARY
WARD,        )                  (TC# 99-1459)

and KATHRYN HORN and JOEL
HENDRYX,   )

                                                                              )

Appellees.                          )

 

 

MEMORANDUM  OPINION

 








Appellant Richard
M. Ross appeals a turnover order to enforce a default judgment against him in
cause number 99-1459 and the trial court=s
granting of summary judgment denying the bill of review in favor of Appellees,
Access Healthsource, Inc., as assignee of O.R. Brooker, W.A. Pitchford, Natalie
T. Bornstein, Maria G. Cardenas, Vernoy Walker, Randolph Waldman, Walker
Jackson, and Mary Ward; and Kathryn Horn and Joe Hendryx (collectively AAppellees@)
and denial of his summary judgment motion in cause number 2003-080.  The two related appeals were consolidated for
briefing and oral argument purposes only, therefore separate opinions will be
issued for each cause.  Mr. Ross raises
eight issues for review, five challenge the trial court=s
turnover order and the remaining three contend the trial court erred in
granting summary judgment in favor of Appellees and in denying Mr. Ross= summary judgment motion.  We affirm the trial court=s turnover order in trial cause number
99-1459.

PROCEDURAL
AND FACTUAL BACKGROUND

On April 26, 1999,
Plaintiffs O. R. Brooker, W. A. Pitchford, Natalie T. Bornstein, Maria G.
Cardenas, Vernoy Walker, Joel Hendryx, Randolph Waldman, Walker Jackson,
Kathryn Horn, and Mary Ward brought suit against Defendants Mr. Ross, Dr.
Richard Standridge, and James Farrelly in County Court of Law Number Seven, El
Paso County, Texas.  In their original
petition, Plaintiffs, all shareholders in a physician practice management
organization, alleged that the Defendants fraudulently induced them to execute
a stock merger agreement in which they transferred all their existing capital
stock into stock of Access Healthsource, Inc. 
Specifically, Plaintiffs alleged that the Defendants falsely represented
how and why the stock merger into Access Healthsource would be beneficial to
them, and as a result of the Defendants=
misrepresentations, the value of their stock went from $5 million to zero
dollars.  Defendants Dr. Standridge and
Mr. Farrelly were served by process and filed an answer in the lawsuit.








On October 19,
1999, the trial court granted Appellees=
motion for substitute service of process on Appellant, Mr. Ross, at an address
in Scottsdale, Arizona.  The Arizona process
server=s
affidavit on November 1, 1999, states that he attempted to personally serve Mr.
Ross at the given address, but had to post and mail the documents served.  The description of documents served does not
list the citation and the record does not contain a return receipt for
certified mail, though the affidavit states the documents were mailed by
certified mail.  On January 21, 2000,
Appellees obtained a default judgment against Mr. Ross in which they were awarded
$5 million in actual damages and $5 million in exemplary damages plus interest
and attorney=s
fees.  The default judgment recites that
Mr. Ross was duly served with process in cause number 99-1459.  On February 29, 2000, the trial court severed
Appellees= cause of
action against Defendants Dr. Standridge and Mr. Farrelly from its default
judgment against Mr. Ross.[1]

In March 2000,
Appellees sought enforcement of the Texas default judgment in an Arizona state
court.  On April 17, 2000, Mr. Ross filed
a motion under Ariz.R.Civ.P.
60(c) to vacate the foreign judgment Appellees had filed in Arizona based on
insufficient service of process.  In
their response to Mr. Ross=
motion, Appellees asserted he was properly served in the Texas lawsuit.  On August 8, 2000, the Arizona state court
found insufficient service of process on Mr. Ross and ordered the foreign
judgment filed by Appellees Avoid
and hereby vacated.@








On December 16,
2002, Appellees filed a motion for turnover relief, seeking to enforce the
Texas default judgment it obtained against Mr. Ross in January 2000.  The trial court granted Appellees= motion on January 15, 2003,
specifically finding that Appellees have an interest in a final, fully
enforceable, and due and owing judgment against Mr. Ross, that none of the
property identified in the motion as subject to turnover relief can be readily
attached or levied on by ordinary legal process in Texas, and that the property
is not exempt from attachment, execution, or seizure for the satisfaction of
liabilities.  Mr. Ross filed a motion to
reconsider the turnover order, in which he argued the default judgment was void
for lack of service of process and asserted that an Arizona court had already
found the judgment was void for insufficient service on him.  After a hearing on the motion to reconsider,
the trial court on January 31, 2003, denied Mr. Ross=
motion to reconsider the turnover order. 
Mr. Ross timely filed his notice of appeal to challenge the trial court=s order in cause number 99-1459.

Turnover
Order

In his Issues One
through Five, Mr. Ross argues the trial court erred in rendering a turnover
order to enforce the default judgment because that judgment is void.  Specifically, Mr. Ross contends the
default judgment is void for improper service of process, that the Arizona
judgment finding the default judgment void is entitled to full faith and
credit, and as a void judgment, the default judgment is a nullity that cannot
be enforced.

Standard
of Review

We review a
turnover order under an abuse of discretion standard.  Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991).  In this
review, we conduct a two-pronged analysis: (1) Did the trial court have
sufficient information upon which to exercise its discretion; and (2) Did the
trial court err in its application of discretion?  Lindsey v. Lindsey, 965 S.W.2d 589,
591 (Tex.App.--El Paso 1998, no pet.). 
The traditional sufficiency review comes into play with regard to the
first question.  Id.  We then proceed to determine whether, based
on the elicited evidence, the trial court made a reasonable decision, or
whether it is arbitrary and unreasonable, that is, whether the trial court
acted without reference to any guiding rules and principles.  See id.; Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985), cert. denied, 476
U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).








Turnover
Relief on Default Judgment

Pursuant to
Section 31.002 of the Texas Civil Practice and Remedies Code, Appellees filed
for turnover relief to enforce the default judgment against Mr. Ross.  Section 31.002(a) provides:

(a)        A judgment creditor is entitled to aid
from a court of appropriate jurisdiction through injunction or other means in
order to reach property to obtain satisfaction on the judgment if the judgment
debtor owns property, including present or future rights to property, that:

 

(1)        cannot readily be attached or levied on
by ordinary legal process; and 

(2)        is not exempt from attachment,
execution, or seizure for the satisfaction of liabilities.

 

Tex.Civ.Prac.&Rem.Code
Ann. '
31.002(a)(Vernon Supp. 2004).

After the trial
court granted Appellees=
motion for turnover relief, Mr. Ross filed a motion to reconsider with the
court, attacking the default judgment as void for improper service of process
and asserting that the Arizona state court had found the judgment was void for
insufficient process and that the court=s
order should be given full faith and credit by the court.








On appeal, Mr.
Ross raises the same complaints of improper service and void judgment to
challenge the default judgment Appellees sought to enforce.  In his brief, Mr. Ross argues that a default
judgment not based on proper service is void, not merely voidable.  The authorities Mr. Ross relies upon in
attacking the default judgment involve direct attacks brought against default
judgments.  See e.g., Pino v.
Perez, 52 S.W.3d 357, 358-59 (Tex.App.--Corpus Christi 2001, no pet.)(AThis restricted appeal is a direct
attack on the default judgment and there are no presumptions favoring valid
issuance, service and return of the citation.@);
Lozano v. Hayes Wheels International, Inc., 933 S.W.2d 245, 247
(Tex.App.--Corpus Christi 1996, no writ) (direct appeal of default judgment,
citing to cases involving direct attacks on default judgments which hold there
is no presumption of due service of process and requiring strict compliance
with the rules of civil procedure relating to citation of service).  However, Mr. Ross=
improper service of process challenge was in effect a collateral attack on the
default judgment, triggering certain presumptions as to the validity of that
judgment.








A collateral
attack is an attempt to avoid the effect of a judgment in a proceeding brought
for some other purpose.  Kortebein v.
American Mutual Life Ins. Co., 49 S.W.3d 79, 88 (Tex.App.--Austin 2001,
pet. denied), cert. denied, 534 U.S. 1128, 122 S.Ct. 1065, 151 L.Ed.2d
968 (2002); see also Fuhrer v. Rinyu, 647 S.W.2d 315, 317 (Tex.App.--Corpus
Christi 1982, no writ)(opin. on reh=g)(discussing
different rules applicable to direct attacks and collateral attacks on default
judgments).  Unless a judgment is void,
it is not subject to collateral attack.  See
Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985).  A judgment is void when the court that
rendered it lacked:  (1) jurisdiction
over the parties or property; (2) jurisdiction over the subject matter; (3)
jurisdiction to render a particular judgment; or (4) the capacity to act as a
court.  Id.  If a judgment does not fail to meet one of
these jurisdictional requirements, it is merely voidable, not void and is
subject only to direct attack.  Id.  Unlike a direct attack upon a default
judgment, the usual presumptions of service will be made in support of the
judgment.  See National Medical
Enterprises of Texas, Inc. v. Wedman, 676 S.W.2d 712, 714-15 (Tex.App.--El
Paso 1984, no writ); see also Primate Constr., Inc. v. Silver, 884
S.W.2d 151, 152 (Tex. 1994)(in direct attack by writ of error validity of
issuance, service, and return of citation is not presumed).  It is well-settled that jurisdictional
recitations in a judgment that is regular on its face are accorded absolute
verity and can be attacked only directly, not collaterally.  Akers v. Simpson, 445 S.W.2d 957, 959
(Tex. 1969); Dispensa v. University State Bank, 987 S.W.2d 923, 929
(Tex.App.--Houston [14th Dist.] 1999, no pet.). 

Here, the default
judgment rendered against Mr. Ross was signed and filed on January 21,
2000.  The judgment recites that:

[T]hough duly served with process,
Defendant RICHARD ROSS, as at all times heretofore, failed to appear or answer,
but wholly made default.  The citation
with the Officer=s return
thereon has been on file with the Clerk of this Court in excess of ten (10 )
days exclusive of the day of filing and the day the cause was called.

 

With respect to his turnover
complaints, Mr. Ross directs this Court=s
attention to evidence in the record which shows that Appellees failed to comply
with the rules of civil procedure related to service of process on him.  See Tex.R.Civ.P.
99(a), 103, 106, and 107.  For the
purposes of the collateral attack, however, the default judgment recitals
regarding service are contrary to this other evidence and therefore, do not
support Mr. Ross=
contention that the judgment is void for turnover relief purposes.

Mr. Ross also
contends the trial court should not have enforced the default judgment because
it should have given full faith and credit to the Arizona judgment voiding that
default judgment, which he authenticated in Texas as a foreign judgment under
the Uniform Enforcement of Foreign Judgments Act.  Specifically, Mr. Ross urges that the
authenticated Arizona judgment equates to a Texas judgment holding that the default
judgment was void.  The Arizona state
court=s AOrder Vacating Foreign Judgment@ states the following in pertinent
part:








On March 31, 2000,
plaintiffs O.R. Brooker, W.A. Pritchard, Natalie Bornstein, Maria G. Cardenas,
Vernoy Walker, Joel Hendryx, Randolph Waldman, Walker Jackson, Kathryn Horn,
and Mary Ward filed herein a foreign Judgment entered against defendant Richard
Ross on January 21, 2000, in Cause No. 99-1459 in the County Court at Law
Number 7, El Paso County, Texas. 
Thereafter, on April 17, 2000, defendant Ross filed a motion under Rule
60(c), Ariz.R.Civ.P., to vacate the judgment.

                                                              .               .              .

 

THE COURT FINDS
insufficient service of process on defendant Ross; therefore,

IT IS HEREBY ORDERED,
ADJUDGED AND DECREED that the foreign Judgment filed herein by plaintiffs in
Cause No. 99-1459 in the County Court at Law Number 7, El Paso County, Texas is
void and hereby vacated.

 

The Arizona order clearly indicates
that the court=s refusal
to give full faith and credit to the Texas default judgment, which was
domesticated as a foreign judgment by Appellees in that state.  See U.S.
Const. art. IV, '
I.  There is nothing in the order or the
record to indicate the Arizona court did anything more than vacate the
domesticated foreign judgment in Arizona. 
Therefore, we reject Mr. Ross=
contention that the Arizona state court order vacating the foreign judgment in
Arizona has the effect of voiding the Texas default judgment for enforcement
purposes in Texas. 

With the exception
of his collateral attack on the underlying default judgment, Mr. Ross raises no
other challenges to the trial court=s
order granting turnover relief.  Since
the default judgment on its face states Mr. Ross was properly served, the trial
court was bound by the recitals in the judgment.  See Browning, 698 S.W.2d at 363; Akers,
455 S.W.2d at 959.  Thus, we conclude the
trial court did not abuse its discretion in granting the turnover order.  Issues One through Five are overruled.[2]

 








Accordingly, we
affirm the trial court=s
turnover order.

 

 

December 4, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.











[1]
On October 27, 2000, Appellees amended their original petition in their severed
action against Dr. Standridge and Mr. Farrelly, now cause number 2000-764, to
include Mr. Ross as a Defendant and alleged claims virtually identical to those
alleged in the default judgment against Mr. Ross.  Mr. Ross filed an answer to that suit on
November 17, 2000.





[2]
In Issues Six through Eight of his appellate brief, Mr. Ross complains of the
trial court=s
granting of summary judgment denying his bill of review in cause number
2003-080, which was  consolidated with
this appeal for briefing and oral argument purposes only.  Disposition of these remaining issues is
addressed in this Court=s
opinion styled Ross v. Access Healthsource, Inc., et al., No.
08-03-00096-CV.