Discount Rental Inc. v. Carter et ux









 





IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00276-CV

     DISCOUNT RENTAL, INC.,
                                                                              Appellant
     v.

     WILLIAM CARTER
     AND BARBARA CARTER,
                                                                              Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 2003-996-3
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Discount Rental, Inc. brings this restricted appeal from a default judgment rendered in
favor of William and Barbara Carter. Discount Rental presents two issues in which it
contends: (1) it was not properly served with citation; and (2) the damages awarded to the
Carters are not supported by the pleadings or the evidence.
      Discount Rental contends in its first issue that it was not properly served with citation
because: (1) the person served was not authorized to receive process on its behalf; (2) the
record does not reflect that the process server exercised reasonable diligence in attempting to
serve its registered agent before resorting to substituted service; and (3) the return of service
does not state that the person served was over sixteen years of age or the address or location
where citation was served.
      A restricted appeal is a direct attack on a judgment by a party who did not participate at
trial. See Tex. R. App. P. 30; Fazio v. Newman, 113 S.W.3d 747, 748 (Tex. App.—Eastland
2003, pet. denied); Campbell v. Fincher, 72 S.W.3d 723, 724 (Tex. App.—Waco 2002, no
pet.). To prevail, the appellant must show error apparent from the face of the record. See
Fazio, 113 S.W.3d at 748; Campbell, 72 S.W.3d at 724.
      A default judgment will be set aside if the record does not demonstrate strict compliance
with the Rules of Civil Procedure governing service of citation. Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); N. Carolina Mut. Life Ins. Co. v.
Whitworth, 124 S.W.3d 714, 717-18 (Tex. App.—Austin 2003, pet. denied). No
presumptions are entertained in favor of valid issuance, service, and return of citation in a
restricted appeal. N. Carolina Mut. Life Ins. Co., 124 S.W.3d at 717; accord Primate
Constr., 884 S.W.2d at 152.
      The petition recites (and the parties do not dispute) that Bill Perry is Discount Rental’s
registered agent for service of process. After three unsuccessful attempts to serve Perry, the
Carters filed a motion for substituted service. They attached the affidavit of the private
process server previously authorized by the court. The affidavit recites in pertinent part:
      •    March 26, 2003 at approximately 4:30 p.m., Glen Leake, the General Manager
informed me that Mr. Perry is rarely around. I left my card and phone number with
the General Manager with a request that he have Mr. Perry call me;
 
      •    March 28, 2003 at approximately 4:30 p.m. I returned to Discount Rental, Inc. and
asked the General Manager, Glen Leake for Bill Perry. The General Manager said
that he forgot to give Mr. Perry my number and that Mr. Perry is rarely there; and
 
      •    April 1, 2003 at approximately 4:30 p.m. I returned to Discount Rental, Inc. and
asked for Bill Perry. I was told again that Mr. Perry is rarely there and that they have
not seen him in a month.

      The court granted the Carters’ motion for substituted service, authorizing service on “any
person 16 years of age or older at . . . Defendant’s usual place of business.”
      The return of service indicates that the process server executed the citation by “delivering
to the defendant, to-wit: Discount Rental per rule 106 on Glen Leake at 3:35 o’clock p.m.
April 11, 2003; each, in person, a true copy of this citation with a true and correct copy of the
Plaintiff’s Original Petition attached thereto . . . .”
      Rule 106(b)(1) authorizes substituted service on “anyone over sixteen years of age at the
location specified.” Tex. R. Civ. P. 106(b)(1). The record contains nothing to reflect that
Glen Leake was over sixteen years of age at the time of service. Cf. Mylonas v. Tex. Com.
Bank, 678 S.W.2d 519, 523 (Tex. App.—Houston [14th Dist.] 1984, no writ) (return of
service amended to reflect delivery to person over sixteen years of age). We cannot presume
that he was. See Primate Constr., 884 S.W.2d at 152; N. Carolina Mut. Life Ins. Co., 124
S.W.3d at 717.
 

      Because the record does not demonstrate strict compliance with Rule 106(b)(1), we sustain
Discount Rental’s first issue. We reverse the judgment and remand this cause to the trial court
for further proceedings consistent with this opinion.
 
 
FELIPE REYNA
                                                                   Justice
Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Reversed and remanded
Opinion delivered and filed May 5, 2004
[CV06]