In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-537 CV


____________________



KENNETH JEIORI JOHNSON, Appellant



V.



LINDA S. JOHNSON, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B030901-D






MEMORANDUM OPINION


 Kenneth Jeiori Johnson appeals a default judgment in favor of Linda S. Johnson. In
his pro se appeal, appellant claims he was not properly served, therefore the trial court did
not have jurisdiction to render the default judgment. We reverse and remand.

 Appellant may raise defective service for the first time on appeal. See All Commercial
Floors, Inc. v. Barton & Rasor, 97 S.W.3d 723, 725-26 (Tex. App.-Fort Worth 2003, no pet.)
(citing Wilson v. Dunn, 800 S.W.2d 833, 837 (Tex.1990)).

 Strict compliance with the rules for service of citation must be
affirmatively shown in the record for a default judgment to withstand attack
by restricted appeal, and there is no presumption of valid issuance, service, or
return of citation. Primate Constr. Inc. v. Silver, 884 S.W.2d 151, 152
(Tex.1994). Jurisdiction over a defendant must be established in the record by
an affirmative showing of service of citation, independent of the recitals in the
default judgment. See id.; Barker CATV Constr., Inc. v. Ampro, Inc., 989
S.W.2d 789, 792 (Tex.App.--Houston [1st Dist.] 1999, no pet.). Failure to
comply with the Rules of Civil Procedure renders the attempted service of
process invalid. See Uvalde Country Club v. Martin Linen Supply Co., 690
S.W.2d 884, 885 (Tex.1985).


Wright Bros. Energy, Inc. v. Krough, 67 S.W.3d 271, 273-74 (Tex. App.--Houston [1st Dist.]
2001, no pet.). 

 The trial court stated at the hearing that he was taking "judicial notice of the contents
of the Court's file including a return of citation that is on file and has been for the required
period of time." The return of citation provides that service was by certified mail. The
record contains a copy of the return receipt. It is addressed to "Kenneth Jeiorl Johnson" but
the signature and name of receiver are illegible. Under signature appears "C V" and next to
"V" a line. Under "Received by" is what may be an "s" followed by "Van" and a line. None
of the characters, except "n", are letters in Johnson's name. It therefore appears someone
else signed the receipt.

 A return in the manner provided by Tex. R. Civ. P. 107 must contain
the signature of the authorized person or officer executing the return, state
when the citation was served, state the manner of service, and contain the
return receipt with the addressee's signature when served by registered or
certified mail; and, if the citation was not served, there also must be a showing
of due diligence.

 

Fazio v. Newman, 113 S.W.3d 747, 749 (Tex. App.--Eastland 2003, pet. denied) (emphasis
added). The record does not show the return receipt was signed by Johnson, the addressee. 
See Webb v. Oberkampf Supply of Lubbock, Inc., 831 S.W.2d 61, 64 (Tex. App.--Amarillo
1992, no pet.). Furthermore, "substituted service is not authorized under Rule 106(b) without
an affidavit that meets the requirements of the rule demonstrating the necessity for other than
personal service." Lewis v. Ramirez, 49 S.W.3d 561, 564 (Tex. App.--Corpus Christi 2001,
no pet.) (citing Wilson, 800 S.W.2d at 836). See also State Farm Fire and Cas. Co. v.
Costley, 868 S.W.2d 298, 298-99 (Tex. 1993). The record before this court contains no
affidavit. See Tex. R. Civ. P. 106(b); Coronado v. Norman, 111 S.W.3d 838, 841 (Tex.
App.--Eastland 2003, pet. denied).

 Consequently, the service of process is fatally defective and cannot support the
judgment. "For well over a century the rule has been firmly established in this state that a
default judgment cannot withstand direct attack by a defendant who complains that he was
not served in strict compliance with applicable requirements. See, e.g., Uvalde Country Club
v. Martin Linen Supply Co., 690 S.W.2d 884, 886 (Tex.1985) (per curiam); McKanna v.
Edgar, 388 S.W.2d 927, 929 (Tex.1965); Sloan v. Batte, 46 Tex. 215, 216 (1876)." Wilson,
800 S.W.2d at 836.

 We note the default judgment declares appellant was "duly and properly cited" and
that "[a]ll persons entitled to citation were properly cited." This does not cure the defect in
question since personal jurisdiction over a defendant must appear affirmatively by a showing
of due service and return of process, independent of recitations in a judgment taken by
default. See Union Pacific Corp. v. Legg, 49 S.W.3d 72, 78-79 (Tex. App.--Austin 2001, no
pet.).

 The appellate record does not demonstrate compliance with the rules governing the
issuance, service, and return of citation. Consequently, the trial court failed to obtain in
personam jurisdiction over appellant and the default judgment is void. Pino v. Perez, 52
S.W.3d 357, 360 (Tex. App.--Corpus Christi 2001, no pet.)(citing Whitney v. L & L Realty
Corp., 500 S.W.2d 94, 96 (Tex.1973)). Appellant's first issue is granted, the default
judgment is reversed, and the cause is remanded for trial.

 PER CURIAM


Submitted on September 30, 2004

Opinion Delivered November 18, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.