NUMBER
13-04-038-CV 

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

DRC DISTRIBUTORS, LTD., DRC MANAGEMENT

COMPANY, INC., AND DAVID R. CARAVA,                 Appellants,

 

                                           v.

 

AARON A. JOINER,                                                   Appellee.

___________________________________________________________________

 

                  On
appeal from the 357th District Court

                          of Cameron County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION[1]

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez 

                      Memorandum
Opinion by Justice Rodriguez

 








This restricted
appeal arises from a default judgment granting declaratory relief in favor of
appellee, Aaron A. Joiner.  By three
issues, appellants, DRC Distributors, Ltd., DRC Management Company, Inc., and
David R. Carava, contend the following: (1) error is apparent on the face of
the record because the returns of service fail to strictly comply with the
Texas Rules of Civil Procedure; (2) the declaratory judgment is erroneous as a
matter of law; and (3) the evidence apparent on the face of the record does not
support the declaratory judgment.  We
reverse and remand.

I.  Background

Appellee filed a
petition for declaratory judgment seeking a declaration that (1) the mutual
release entered into by appellee and appellants was void ab initio, and (2)
appellant Carava was the alter ego of DRC Distributors, Ltd., and DRC
Management Company, Inc.  Appellee
attempted service of process on appellant Carava, individually, and as the
registered agent for DRC Distributors, Ltd., and DRC Management Company, Inc.,
through the County Sheriff's Department in Santa Cruz, California.  Appellant Carava was personally served at his
California residence on September 2, 2003, and the returns were filed in the
357th District Court of Cameron County, Texas, on September 18, 2003.  Because appellants failed to file an answer,
appellee filed a motion for default judgment. 
Appellants did not appear at the default judgment hearing held on
October 6, 2003, and the trial court granted a default declaratory judgment in
favor of appellee.

 








I.  Restricted Appeal

A restricted
appeal operates as a direct attack on a judgment.  Fazio v. Newman, 113 S.W.3d 747, 748
(Tex. App.BEastland 2003, pet. denied) (citing Lewis v.
Ramirez, 49 S.W.3d 561, 564 (Tex. App.BCorpus Christi 2001, no pet.)).  To prevail on 
a restricted appeal, an appellant must establish the following:  (1) it filed notice of the restricted appeal
within six months from the date the judgment was signed; (2) it was a party to
the underlying suit; (3) it did not participate in the hearing that resulted in
the judgment complained of and did not timely file any post-judgment motions or
requests for findings of fact and conclusions of law; and (4) error is apparent
on the face of the record.  Tex. R. App. P. 30; Alexander v.
Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004).

The record
establishes that appellants (1) filed their notice of restricted appeal within
six months from the date the default judgment was signed, (2) were named as
defendants in the underlying lawsuit, (3) did not participate in the hearing
that resulted in the default judgment against them, and (4) did not timely file
any post-judgment motions or requests for findings of fact and conclusions of
law.  See Tex. R. App. P. 30; Alexander, 134 S.W.3d at 848.  Based on these facts, appellants have
satisfied the first three requirements essential to their restricted
appeal.  Therefore, we need only
determine whether error is apparent on the face of the record.[2]  See Tex.
R. App. P. 30; Alexander, 134 S.W.3d at 848. 








II.  Service of Process

By their first
issue, appellants contend that there is error on the face of the record because
the returns of service fail to strictly comply with Texas law.  More specifically, appellants assert that the
returns of service are fatally defective because they are not sworn to in
compliance with rule 108 of the Texas Rules of Civil Procedure.  See Tex.
R. Civ. P. 108.  We agree.

A.  The Law

The Texas Supreme
Court has held that strict compliance with the rules for service of process
must affirmatively appear on the face of the record in order for a default
judgment to withstand direct attack.  Primate
Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam).  As a result, there is no presumption in favor
of valid issuance, service, and return of citation in the face of a direct
attack on a default judgment.  Id.;
Fazio, 113 S.W.3d at 748. 

The
responsibility of ensuring that service is properly accomplished rests with the
party requesting service, not with the process server.  See Tex.
R. Civ. P. 99(a); Primate Constr., Inc., 884 S.W.2d at 153.  Rule 108 of the Texas Rules of Civil
Procedure governs the form of notice, type of service, and form of return for
nonresidents and for those who are absent from the State.[3]  See Tex. R. Civ. P. 108; Fazio, 113 S.W.3d at 748.  Rule 108 states in pertinent part:








Where the defendant is absent from the State, or is
a nonresident of the State, the form of notice to such defendant of the
institution of the suit shall be the same as prescribed for citation to a
resident defendant; and such notice may be served by any disinterested person
competent to make oath of the fact in the same manner as provided in Rule 106
hereof.  The return of service in such
cases shall be endorsed on or attached to the original notice, and shall be in
the form provided in Rule 107, and be signed and sworn to by the party making
such service before some officer authorized by the laws of this State to take
affidavits, under the hand and official seal of such officer.

 

Tex. R.
Civ. P. 108.

B.  Analysis

Here, the return
of service for each appellant identifies J. Verinsky, Santa Cruz County
Sheriff, as the server of process. 
However, it is apparent from the face of the record that the returns
were not sworn to by J. Verinsky.

While the rule
for service of process on a resident present in the State does not require a
sheriff who serves a citation to verify the return, see Tex. R. Civ. P. 107, rule 108 has a
more stringent requirement for service on nonresidents and those residents
absent from the State.  See id. at
rule 108.  Rule 108 specifies that
the server of process, regardless of whom that may be, must swear to the return
before an officer authorized by the laws of Texas to take such affidavits under
the hand and official seal of the officer. 
See id.; Fazio, 113 S.W.3d at 749.  Because the returns of service did not
strictly comply with this requirement of rule 108, we conclude that there is
error on the face of the record.  Therefore,
we sustain appellants' first issue.

Because our
disposition of appellants' first issue is dispositive of this appeal, we
decline to address their second and third issues.  See Tex.
R. App. P. 47.1.      

 








III.  Conclusion

Accordingly, we
reverse the judgment of the trial court and remand the cause for a trial on the
merits.                                                                                        

NELDA
V. RODRIGUEZ

Justice

 

Memorandum Opinion
delivered and 

filed this 9th day of
February, 2006.

 











[1]All issues of law presented by this
case are well-settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts except as necessary to advise the parties of the Court's decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.





[2]The face of the record, for
purposes of reviewing a restricted appeal, consists of all the papers on file
in the appeal, including the statement of facts.  Norman Communications v. Tex. Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997) (per curiam).





[3]The Texas Supreme Court has held
that rule 108 is a valid procedural alternative to service of process under the
long-arm statute as long as the allegations confronting the defendants satisfy
due process requirements.  Paramount
Pipe & Supply Co., Inc. v. Muhr, 749 S.W.2d 491, 495-96 (Tex.
1988).  Appellants do not complain on
appeal that due process requirements have not been met; therefore, for purposes
of this appeal, we will assume, without determining, that the allegations
confronting appellants have satisfied due process requirements.  See id.