Opinion filed November 9, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed November 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00365-CV 

                                                     __________

 

                                  PAUL
JORG FAABORG, Appellant

 

                                                             V.

 

                JOE
ALLCORN D/B/A RE/MAX ROUND ROCK, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                      Williamson County, Texas

 

                                             Trial
Court Cause No. 05-0221-CC2

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This is a restricted appeal from a default
judgment in favor of Joe Allcorn d/b/a Re/Max Round Rock against Paul Jorg
Faaborg.  We affirm.

Background Facts








Allcorn sued Faaborg for default on a debt in the
amount of $2,640 plus interest.  At
Allcorn=s
request, the clerk of the trial court issued a citation, and Constable Marty
Ruble served Faaborg with the citation. 
Constable Ruble filed the officer=s
return with the county clerk.  Faaborg
failed to answer.  The trial court
conducted a default judgment hearing and awarded Allcorn $2,640 plus interest
and $1,000 in attorney=s
fees.  Faaborg then filed this restricted
appeal.

Issues on Appeal

Faaborg raises two issues on appeal.  First, he asserts that the requirements in
the Texas Rules of Civil Procedure for a proper citation were not met.  Second, he asserts that the requirements in
the Texas Rules of Civil Procedure for a proper return of service were not met.


Standard of Review 

To prevail on a restricted appeal, a party must
establish that: (1) notice of the restricted appeal was filed within six months
after the judgment was signed; (2) the party filing the notice of restricted
appeal was a party to the underlying lawsuit; (3) the party filing the notice
of restricted appeal did not participate in the hearing that resulted in the
judgment complained of and did not timely file any postjudgment motions or
requests for findings of fact and conclusions of law; and (4) error was apparent
on the face of the record.   Tex. R. App. P.  30; Alexander v. Lynda=s Boutique, 134 S.W.3d 845, 848 (Tex. 2004).  Faaborg has met the requirements to prevail
on a restricted appeal except for showing that there was error on the face of
the record.  Whether error exists on the
face of the record is determined by considering all the papers in the
record.  Fazio v. Newman 113
S.W.3d 747, 748 (Tex. App.CEastland
2003, pet. denied).  

In order for a default judgment to stand, there
must be strict compliance with the Texas Rules of Civil Procedure.  Id.  Strict compliance regarding issuance,
service, and return of citation must be shown on the face of the record or the
service of process is invalid and has no effect. Uvalde Country Club v.
Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985); Fazio, 113 S.W.3d at
748.  Strict compliance does not mean Aobeisance to the minutest detail.@ 
Ortiz v. Avante Villa at Corpus Christi, Inc., 926 S.W.2d 608,
613 (Tex. App.CCorpus
Christi 1996, writ denied) (citing Herbert v. Greater Gulf Coast Enters.,
Inc., 915 S.W.2d 866, 871 (Tex. App.CHouston
[1st Dist.] 1995, no writ)). 

Were the Requirements for Citation Met?








Rule 99 of the Texas Rules of Civil Procedure
provides that the citation shall: (1) be styled AThe
State of Texas@; (2) be
signed by the clerk under seal of court; (3) contain the name and location of
the court; (4) show the date of the filing of the petition; (5) show the date
of the issuance of citation; (6) show the file number; (7) show the names of
parties; (8) be directed to the defendant; (9) show the name and address of
attorney for the plaintiff, otherwise the address of the plaintiff; (10)
contain the time within which these rules require the defendant to file a
written answer with the clerk who issued citation; (11) contain the address of
the clerk; and (12) notify the defendant that in case of failure of the
defendant to file an answer, judgment by default may be rendered for the relief
demanded in the petition. 

Faaborg asserts that the citation is insufficient
because it does not contain the location of the court which issued the
citation.  We disagree.  The citation contains the seal of the court
which states ACounty
Court at Law #2, Williamson County,
 Texas.@  Therefore, the citation contains the name and
location of the court.  While Rule 99
requires the address of the clerk to be on the citation,  it does not require that the address of the
court be on the citation.  We find that
the citation complies with the Texas Rules of Civil Procedure.  Faaborg=s
first issue on appeal is overruled. 

Was the Return of Service Sufficient?

An officer=s
return of service must contain the signature of the authorized person or
officer executing the return, state when the citation was served, and state the
manner of service.  Tex. R. Civ. P. 107.  It must also state the place of service.  Tex.
R. Civ. P. 16.  However, if the
place of service is not stated on the return, it is presumed, until the
contrary appears, that the service was effected in the county where the officer
was authorized to act.  Hudler-Tye
Constr., Inc. v. Pettijohn & Pettijohn Plumbing, Inc., 632 S.W.2d 219
(Tex. App.CFort
Worth 1982, no writ); Dickinson v. Dickinson, 173 S.W.2d 549 (Tex. Civ.
App.CWaco
1943, no writ).  A return is not
insufficient because of minor spelling errors or abbreviations.  See Ortiz, 926 S.W.2d at 612. 

Constable Ruble of Williamson County
served the citation.  The officer=s return of service states it was Aexecuted at Louis Henna (1900 block)
within the County
 of Wmson.@ 
Faaborg contends that the return should provide the street address, the
city, the state, and unabbreviated name of the county in which the citation was
served.  Faaborg asks this court to
require, at a minimum, sufficient information on the return to permit the U.S.
Postal Service to deliver mailed correspondence.  However, Faaborg cites no authority for this
proposition, and the Texas Rules of Civil Procedure do not require such detail.









Rule 16 does not require a specific address; it
only requires that the return state the place of service.  The street and block listed on the return is
sufficient to show the place of service. 
The abbreviation of Williamson
 County does not render
the return insufficient.  Further, the
face of the record shows that Faaborg was served in Williamson County because
that is the county where the officer was authorized to act.  We find that the officer=s return of service complies with the
Texas Rules of Civil Procedure.  Faaborg=s second issue on appeal is overruled.       

Conclusion

On the face of the record, the citation and return
of service complied with the Texas Rules of Civil Procedure.  Service of process was valid, and the default
judgment was not defective.  The trial
court=s judgment
is affirmed. 

 

 

RICK STRANGE

JUSTICE

 

November 9, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.