**Jimmie C. CAMPBELL, Appellant,**

v.

**Michael Levi FINCHER, Appellee.**

**No. 10–00–243–CV.**

Court of Appeals of Texas, Waco.

Feb. 27, 2002.

James A. Lawrence, Flowers, Davis, Fraser, Derryberry & Van Cleef, L.L.P., Waco, for appellant.

Gregory B. Johnson, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

This is a restricted appeal. Jimmie Campbell and Michael Fincher were involved in a traffic accident in McLennan County, Texas. Fincher sued Campbell. Campbell did not file an answer. The trial court entered a default judgment against Campbell. Almost four months later, Campbell filed a notice of appeal alleging that neither he nor counsel participated in the hearing that resulted in the judgment. We affirm.

### RESTRICTED APPEAL

The restricted appeal replaced the former writ of error practice when the Supreme Court adopted the current appellate rules in 1997. *See* TEX.R.APP. P. 30; *Taylor v. Taylor*, 63 S.W.3d 93, 96 (Tex. App.-Waco 2001, no pet.). A restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex.App.-Fort Worth 2000, no pet.). A direct attack on a judgment by a restricted appeal must: (1) be brought within 6 months after the judgment is signed; (2) by a party to the suit; (3) who did not participate at trial; and (4) the error complained of must be apparent from the face of the record. *See Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997); *E.K.N.*, 24 S.W.3d at 590. There is no question that Campbell satisfied the first three requirements for a restricted appeal. The question is whether Campbell demonstrated error on the face of the record that affected the validity of the judgment. *See Mobil Exploration & Producing U.S. Inc. v. McDonald*, 810 S.W.2d 887, 890 (Tex.App.-Beaumont 1991, writ denied).

### ALLEGED ERROR

As to this requirement, Campbell only contends that, because the District Clerk did not send him notice of the judgment as required by Rule 239a of the Texas Rules of Civil Procedure, error is apparent on the face of the record.[1] Rule 239a is designed as an administrative convenience for the parties, and failure to give notice of the entry of a default judgment does not constitute reversible error. *Nor-*

---

1. Rule 239a provides:

At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certifi-

cate shall be filed among the papers in the cause. Immediately upon the signing of the judgment, the clerk shall mail written notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing on the docket. The notice shall state the

*man Communications v. Texas Eastman Co.,* 956 S.W.2d 68, 69 (Tex.App.-Tyler 1997), *rev'd on other grounds,* 955 S.W.2d 269 (Tex.1997); *Long v. McDermott,* 813 S.W.2d 622, 624 (Tex.App.-Houston [1st Dist.] 1991, no writ); *Bloom v. Bloom,* 767 S.W.2d 463, 468 (Tex.App.-San Antonio 1989, writ denied); *City of Houston v. Arney,* 680 S.W.2d 867, 873 (Tex.App.-Houston [1st Dist.] 1984, no writ); *Grayson Fire Extinguisher Co. v. Jackson,* 566 S.W.2d 321, 322 (Tex.Civ.App.-Dallas 1978, writ ref'd n.r.e.). Campbell argues that these cases should not be followed because: 1) Rule 239a notice is more akin to the notice requirements of the dismissals of causes; and 2) to pursue a bill of review would be unfair to him because the burden of proof is higher. We are not persuaded.

Essentially, Campbell seeks to reverse a judgment which appears valid on the face of the record because of something occurring after the judgment was rendered-the failure of the clerk to send notice of the judgment. This he cannot do in a restricted appeal. *See Long,* 813 S.W.2d at 624. To permit Campbell to succeed on this issue would be rewarding him for not appearing or participating, for whatever reason, in the trial proceeding. *See Flores v. H.E. Butt Grocery Co.,* 802 S.W.2d 53, 55 (Tex.App.-Corpus Christi 1990, no writ.). Campbell's remedy, if any, for the clerk's failure to send notice of the judgment lies in a bill of review, not a restricted appeal.

### CONCLUSION

Campbell's issue is overruled, and the judgment is affirmed.

number and style of the case, the court in which the case is pending, the names of the parties in whose favor and against whom the judgment was rendered, and the date of the signing of the judgment. Failure to comply with the provisions of this rule shall not affect the finality of the judgment.
TEX.R. CIV. P. 239a.