11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Shari Fazio

Appellant 

Vs.                   No. 11-02-00319-CV B Appeal from Taylor County

Sharyl Newman

Appellee

 

This is an appeal from a default judgment in
a slip-and-fall case.  We reverse and
remand. 

Sharyl Newman sued Shari Fazio and others for
injuries she sustained in a fall at Big 5 Sporting Goods in Abilene.  Newman alleged in her petition that Fazio
was an owner of the premises at all times material to the cause of action.  Newman further alleged in her petition that
Fazio and others were negligent in various functions pertaining to the
premises. 

Fazio resides in California.  The District Clerk of Taylor County issued a
citation to Fazio on April 10, 2002. 
The citation was sent by certified mail to Fazio in California. The
district clerk filed the return of service on April 19, 2002.  Attached to the return was the return
receipt purportedly signed by Fazio on April 16, 2002.  Fazio did not file an answer within the time
period required by law.  Newman filed a motion
to sever the cause of action against Fazio from her claims against the other
defendants.  The trial court granted the
motion on May 24, 2002, and it also entered a default judgment against Fazio
for $650,000.  On June 3, 2002, Fazio
filed an answer.  On October 24, 2002,
Fazio filed a notice for restricted appeal. 

In her first issue on appeal, Fazio contends
that there was error on the face of the record because the return was fatally
defective, that the pleadings failed to satisfy due process, and that the
severance was improperly granted. 








An appellant must establish the following
four elements in order to be successful in a restricted appeal:  (1) that the petition is brought within six
months from the signing of the judgment; 
(2) that the party filing the petition was a party to the lawsuit;  (3) that the party did not participate in
the trial on the merits;  and (4) that
there is error apparent on the face of the record.  TEX.R.APP.P. 30; Tice v. City of Pasadena, 767 S.W.2d 700
(Tex.1989)(orig. proceeding); Transworld Financial Services Corporation v.
Briscoe, 722 S.W.2d 407 (Tex.1987); Campbell v. Fincher, 72 S.W.3d 723
(Tex.App. B Waco 2002, no pet=n); Wise v. Fryar, 49 S.W.3d 450 (Tex.App. -
Eastland 2001, pet=n den=d), cert. den=d, 534 U.S. 1079 (2002). 
Restricted appeals replace the former writ of error  procedure.  
A restricted appeal, like an appeal by writ of error, is a direct
attack.  Lewis v. Ramirez, 49 S.W.3d 561
(Tex.App. B Corpus Christi 2001, no pet=n). Whether an error on the face of the
record exists is determined by a consideration of all papers on file in the
record.  Norman Communications v. Texas
Eastman Company, 955 S.W.2d 269, 270 (Tex.1997).  A default judgment cannot
stand when service was not had in strict compliance with the Texas Rules of
Civil Procedure.  There is no
presumption in favor of valid issuance, service, and return of citation in the
face of a direct attack on a default judgment. Primate Construction, Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex.1994). 
Strict compliance with the Texas Rules of Civil Procedure relating to
the issuance, service, and return of citation must be shown on the face of the
record, or the attempted service of process will be rendered invalid and of no
effect.  Uvalde Country Club v. Martin
Linen Supply Company, Inc., 690 S.W.2d 884, 885 (Tex.1985).   

TEX.R.CIV.P. 108 governs the form of notice,
type of service, and the form of return for nonresidents and for those who are
absent from the State and states in part:

Where the defendant is absent from the State,
or is a nonresident of the State, the form of notice to such defendant of the
institution of the suit shall be the same as prescribed for citation to a
resident defendant; and such notice may be served by any disinterested person competent
to make oath of the fact in the same manner as provided in Rule 106
hereof.  The return of service in such
cases shall be endorsed on or attached to the original notice, and shall be in
the form provided in Rule 107, and be signed and sworn to by the party making
such service before some officer authorized by the laws of this State to take
affidavits, under the hand and official seal of such officer. 

 








A return in the manner provided by
TEX.R.CIV.P. 107 must contain the signature of the authorized person or officer
executing the return, state when the citation was served, state the manner of
service, and contain the return receipt with the addressee=s signature when served by registered or
certified mail; and, if the citation was not served, there also must be a
showing of due diligence.  However, Rule
108, which governs this case, additionally requires that the return be sworn to
by the person serving the citation before an officer authorized to take affidavits
under the hand and official seal of such officer.  Rule 108.  The other rules
regarding citation make differentiations with regard to sheriffs, constables,
clerks, authorized persons, and officers. 
Rule 108 does not make those differentiations; and the person,
regardless of whom that may be, must swear to the return. 

In this case, it is not in dispute that the
appeal was brought within six months of the default judgment, that Fazio was a
party to the suit, and that she did not participate in the trial.  In connection with the last element, we
agree with Fazio that the return was fatally defective.  The return contained the signature of the
clerk and the time and place service was executed, but was not sworn to by the
clerk who made the service.  Because
there was not strict compliance with Rule 108, we find that the default
judgment against Fazio cannot stand. 
Fazio=s first issue on appeal is sustained.  Because our holding on the first issue is
dispositive of this appeal, we do not need to address Fazio=s remaining issues. 

The judgment of the trial court is reversed
and remanded.[1]  

 

                                                                                    JIM
R. WRIGHT 

JUSTICE

 

June 18, 2003

Panel consist of: Arnot, C.J., and

Wright, J., and McCall, J.

 

 

 

 

 











[1]See generally WILLIAM V. DORSANEO, III ET AL., TEXAS
LITIGATION GUIDE ' 31.21(5) (2002).