IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00319-CV

 

Letha O. Carroll,

                                                                      Appellant

 v.

 

The Bank of New York,

                                                                      Appellee

 

 

 



From the 66th District Court

Hill County, Texas

Trial Court # 4066

 



MEMORANDUM 
Opinion



 








          Letha Carroll brings this restricted appeal from a default judgment
rendered in favor of the Bank of New York. 
The Bank of New York filed a petition for forcible detainer in the
justice of the peace court, which entered a judgment that the Bank of New York
was entitled to possession of the property in which Carroll was living.  Carroll gave notice to the justice of the
peace court of her intent to appeal.  The
Bank of New York filed a notice of appearance in the district court and
requested a trial setting.  Notice of the
trial setting was sent to Carroll at the address of the property at issue.  A hearing was held at the district court at
which the Bank of New York appeared but Carroll did not.  The district court entered judgment for the
Bank of New York.  Carroll brings two
issues: (1) she never received the notice of the trial setting; and (2) the
notice of the trial setting was inadequate because it was sent fewer than 45
days before the hearing.

We will overrule her issues and affirm the
judgment.

Restricted
Appeal

          This
appeal is brought as a restricted appeal pursuant to Rule 30 of the Texas Rules
of Appellate Procedure.  Tex. R. App. P. 30.  To prevail on a restricted appeal, the
appellant must establish that: (1) she filed the notice of restricted appeal
within six months after the judgment or order appealed from was signed; (2) she
was a party to the underlying suit; (3) she did not participate at trial; and
(4) the trial court erred and the error is apparent from the face of the
record.  Tex. R. App. P. 26.1, 30; Campbell
v. Fincher, 72 S.W.3d 723, 724 (Tex. App.—Waco 2002, no pet.).  Both parties agree that Carroll brought this
case within six months of the district court’s order, that she was a party to
the suit, and that she did not participate in the trial.  Therefore, the issue before us is whether
error is apparent from the face of the record. 
Campbell, 72 S.W.3d at 724.

          Carroll
argues that she did not receive notice of the trial setting.  We presume that a trial court will hear a
case only after proper notice is given.  Welborn-Hosler v. Hosler, 870 S.W.2d
323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ).  An appellant has the burden of rebutting this
presumption by affirmatively showing lack of notice.  Id.  The
absence of proof that notice was given or received is insufficient to establish
error on the face of the record.  Gen. Elec. Co. v. Falcon Ridge Apartments
Joint Venture, 811 S.W.2d 942, 944 (Tex. 1991).

The district court mailed notice of the trial
setting to 407
 North Brazos Street
, which is the address of the property in dispute.  The Bank of New York sent a notice of the
trial setting to Carroll by certified mail to the same address.  Both notices were sent to the address Carroll
listed on her appeal bond, which was at that time the only pleading that she
had filed with the court.  Carroll argues
that she does not receive mail at that address and never received the notice.  However, Carroll concedes that there is no
testimony or direct evidence on the face of the record to show that she did not
actually receive the notices.  Rather,
she points to two documents in the record that she argues raise an inference
that she did not receive notice.  The
first document is a warranty deed from 1999 on which Carroll’s mailing address
is listed as a post office box.  The
second document is a certified mail envelope, addressed to 407 North Brazos Street
, that was returned to the Bank of New York.

Carroll has not overcome the presumption that
the district court gave proper notice of the trial setting.  The fact that she had a post office box in
1999 says nothing about whether she received mail at her street address in
2003.  The envelope that was returned
undelivered to the Bank of New York contained a notice to vacate, not the
notice of trial setting.  The envelope
does not indicate why it was not delivered to the address.  Because Carroll has not met her burden of
affirmatively showing lack of notice, we overrule her first issue.

          In
her second issue, Carroll argues that even if she received the notice of the
trial setting, the notice was inadequate because it was not sent at least
forty-five days before trial as required by Rule 245.  Tex.
R. Civ. P. 245.  Carroll’s
reliance on Rule 245 is misplaced.  A
forcible detainer action is a special proceeding governed by particular statutes
and rules found in the Texas Property Code and Texas Rules of Civil
Procedure.  See Tex. Prop. Code Ann. §§ 24.001—24.011 (Vernon 2000); Tex. R. Civ. P. 738–755.  A forcible detainer action is intended to be
a summary, speedy, and inexpensive remedy for resolving the question of who is
entitled to immediate possession of the premises.  See
McGlothlin v. Kliebert, 672 S.W.2d 231, 232 (Tex. 1984). 
Consistent with that purpose, Rule 753 provides that the appeal “shall
be subject to trial at any time after the expiration of eight full days after
the date the transcript is filed in the county court.”  Tex.
R. Civ. P. 753.  Here, the
transcript from the justice of the peace court was filed on February
 12, 2003—approximately
five months before the trial occurred. 
The notice letters of trial setting were sent more than eight days
before the trial.  Finding no error, we
overrule the second issue.

CONCLUSION

          Having
overruled the issues, we affirm the judgment.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed February 2,
 2005

[CV06]