

NUMBER 13-06-00326-CV

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

TEXAS COMMISSION ON
ENVIRONMENTAL QUALITY,
GUADALUPE-BLANCO RIVER
AUTHORITY, SAN ANTONIO RIVER
AUTHORITY, AND SAN ANTONIO                                   **Appellants/**
WATER SYSTEM,                                            **cross-appellees,**

**v.**

SAN MARCOS RIVER FOUNDATION,                                **Appellee/**
                                                        **cross-appellant.**

On appeal from the 261st District Court
of Travis County, Texas.

# O P I N I O N

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Opinion by Chief Justice Valdez**

Appellants/cross-appellees, the Texas Commission on Environmental Quality (the

"Commission"), San Antonio Water System, Guadalupe-Blanco River Authority, and San

Antonio River Authority, appeal from a judgment wherein the trial court reversed the

Commission's denial of a water permit application that was filed by the San Marcos River Foundation (the "Foundation"), appellee/cross-appellant, and remanded the application to the Commission for a contested administrative hearing.[1] By three issues, appellants/cross-appellees contend that the trial court erred in holding that: (1) the Commission had jurisdiction to entertain the Foundation's application, (2) setting aside the Commission's denial order, and (3) ordering that the Foundation had a right to a contested administrative hearing. The Foundation, by a single issue, appeals from the trial court's dismissal of its declaratory judgment action. We reverse and render a dismissal for lack of jurisdiction.

## I. BACKGROUND

On July 10, 2000, the Foundation filed a permit application with the Commission requesting an appropriation of approximately 1.3 million acre-feet of water in the Guadalupe River Basin for non-consumptive instream use and freshwater inflows into the Guadalupe/San Antonio bay and estuary system. The Foundation tendered the appropriate application fee, and on December 21, 2000, the executive director of the Commission declared the Foundation's application administratively complete. On July 23, 2001, notice of the Foundation's application was issued to all parties within the Guadalupe River Basin so that they could provide comments to the Commission.

In August 2001, San Antonio Water System, Guadalupe-Blanco River Authority, and San Antonio River Authority responded to the public notice by filing with the Commission motions for a contested-case hearing, wherein they sought the denial or dismissal of the Foundation's application. Thereafter, the executive director conducted a technical review

---

[1] This appeal involves five parties: (1) the Commission, a state agency that is responsible for implementing the constitution and laws of Texas relating to the conservation of natural resources and the protection of the environment, *see* TEX. WATER CODE ANN. § 5.012 (Vernon 2000); (2) the Foundation, a Texas non-profit corporation founded to protect the San Marcos River; (3) the San Antonio Water System, a water, wastewater and wastewater reuse agency of the City of San Antonio, *see* San Antonio, Tex., Code of Ordinances, sec. 34-.01 (2008); (4) the Guadalupe-Blanco River Authority, a conservation and reclamation district, *see* TEX. CONST. art. XVI, § 59; and (5) the San Antonio River Authority, a conservation and reclamation district. *See Id.*

of the application.

On December 13, 2002, the executive director issued a draft permit and supporting technical data; the draft permit provided the Foundation with less water than it had requested. In January of the following year, the Commission issued formal public notice of the Foundation's application and invited interested parties that had not filed hearing requests to brief two issues: (1) did the Commission have statutory authority to issue water rights permits of the type applied for by the Foundation; and (2) what was the appropriate action for the Commission to take with respect to the Foundation's application?

On March 20, 2003, the Commission denied the Foundation's application. In its order, the Commission made the following determinations:

> Whereas, certain Texas Water Code statutes enacted by the Texas Legislature reflect this state interest [in protecting instream uses of Texas surface waterbodies] by requiring consideration of instream flows and bay and estuary system maintenance in the granting of state water rights (e.g., Texas Water Code §§ 11.042(b); 11.046(b); 11.134(b)(D); 11.147; 11.1491; 16.058; and 16.059);

> Whereas, the Commission has included provisions relative to these important considerations in various reservoir permits issued since enactment of these statutes and in numerous instream flow requirements on permits issued by the Commission;

> Whereas, the Texas Legislature has also created the Texas Water Trust to hold water rights dedicated to environmental needs, including instream flows and bays and estuaries, and also provided that in certain circumstances five percent of the firm yield of any reservoir constructed with state funds be given to the Texas Parks and Wildlife Department to be used for instream flows and bays and estuaries (e.g. §§ 15.7031, 15.3041, and 16.1331);

> Whereas, these forgoing statutes embody the method by which the Texas Legislature intended for the Commission to protect these important resources in considering and granting water right permits;

> Whereas, the Commission has also considered its rules regarding substantive and procedural water rights to reach its decision in this matter; and

3

Whereas, while the Commission has approved applications to add instream use designations to four specific water right permits previously issued for other beneficial purposes, the Commission has not heretofore issued a new permit for instream use only, as contemplated by this application.

The order denied the application under section 11.131 of the water code. *See* TEX. WATER CODE ANN. § 11.131 (Vernon 2000).[2] The Foundation filed a motion for rehearing with the Commission, which was denied on June 2, 2003.

The Foundation sought judicial review in a Travis County District Court by bringing a suit against the Commission under the water code, the Uniform Declaratory Judgments Act, and the Administrative Procedures Acts.[3] *See id*. § 5.351 (Vernon 2000); TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 1997); TEX. GOV'T CODE ANN. § 2001.038 (Vernon 2000).

The Foundation asserted that the Commission had jurisdiction over its application, *see* TEX. WATER CODE ANN. § 5.013(a)(1) (Vernon Supp. 2007) (providing that the Commission has general jurisdiction over water and water rights including the issuance of water rights permits), and that the Commission had statutory authority to appropriate water for beneficial uses, which according to the Foundation includes non-consumptive instream uses and freshwater inflows into an estuary system. *See id*. §§11.002(4), 11.023(b)

---

[2] Section 11.131(a) of the water code provides:

The commission shall make a preliminary examination of the application, and if it appears that there is no unappropriated water in the source of supply or that the proposed appropriation should not be allowed for other reasons, the commission may deny the application.

TEX. WATER CODE ANN. § 11.131(a) (Vernon 2000).

[3] The Foundation brought two suits against the Commission which, by an agreed order, were consolidated at the trial level.

(Vernon Supp. 2007). The Foundation argued that the Commission erred in summarily denying its application because the Commission improperly deprived it of a contested hearing and misconstrued the water code's statutory framework by concluding that it could not grant environmental-only permits. The Foundation also sought a judgment declaring its existing rights and interests in the water that was subject to the application.

The Commission responded to the Foundation's petition with a general denial. San Antonio Water System, Guadalupe-Blanco River Authority, and San Antonio River Authority intervened in the suit and prayed that the Foundation's claims be denied and that costs be assessed against the Foundation.

The Foundation moved for summary judgment on numerous grounds. The Commission responded to the Foundation's motion, and it also sought summary judgment and prayed that its decision to summarily deny the Foundation a permit without a contested-case hearing be affirmed. On February 7, 2006, the trial court granted the Foundation summary judgment, and it found that the Commission had jurisdiction to hear the Foundation's application and that the Foundation had a right to a contested-case hearing.

Over the following few months, the trial court evaluated the Foundation's request for declaratory relief. The Commission responded to the declaratory judgment action by filing a plea to the jurisdiction. In its plea, the Commission argued that the February 7 summary judgment granted the Foundation all the relief that its declaratory judgment action sought and that "there [was] nothing left to adjudicate." The Foundation rejoined by arguing that it sought a declaratory judgment to force the Commission to follow statutes

and administrative rules that it had not previously followed.

On May 11, 2006, the trial court granted the Commission's plea to the jurisdiction and dismissed the Foundation's declaratory judgment action. Also on May 11, the trial court signed a final judgment that incorporated its February 6 summary judgment by reversing the Commission's denial order and remanding the application back to the Commission for further proceedings. The Commission, San Antonio Water System, Guadalupe-Blanco River Authority, and San Antonio River Authority appealed the trial court's decision to reverse and remand the denial order, and the Foundation appealed the trial court's dismissal of its declaratory judgment action.[4]

## II. DISCUSSION

Before we address the merits, we note that the Commission has filed a motion to dismiss this appeal as moot. In its motion, the Commission argues that even if the Foundation's application were remanded to the State Office of Administrative Hearings, it cannot, under the current statutory framework, grant the Foundation's application. Section 11.0237 of the water code provides that:

> The commission may not issue a new permit for instream flows dedicated to environmental needs or bay and estuary inflows. The commission may approve an application to amend an existing permit or certificate of adjudication to change the use to or add a use for instream flows dedicated to environmental needs or bay and estuary inflows.

TEX. WATER CODE ANN. § 11.0237(a) (emphasis added). We are, therefore, confronted with a mootness issue that must be analyzed at the outset.

---

[4] This case was transferred from the Third Court of Appeals to the Thirteenth Court of Appeals under a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 1998).

A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005); *Bd. of Adjustment of San Antonio v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Under the mootness doctrine, a controversy must involve a dispute of something more than a hypothetical or abstract character. *Securtec, Inc. v. County of Gregg*, 106 S.W.3d 803, 809 (Tex. App.–Texarkana 2003, pet. denied) (citing *Scurlock Permian Corp. v. Brazos County*, 869 S.W.2d 478, 487 (Tex. App.–Houston [1st Dist.] 1993, writ denied)). A case becomes moot when (1) there is no real controversy, or (2) when a party seeks judgment which, when rendered, cannot have any practical legal effect. *Id*. (citing *Scholl v. Firemen's & Policemen's Civil Serv. Comm'n*, 520 S.W.2d 470, 471 (Tex. Civ. App.–Corpus Christi 1975, no writ)).

In section 11.0237 of the water code, the legislature used the phrase "may not" in directing the Commission not to issue new water permits for instream flows dedicated to environmental needs or bay and estuary inflows. *See* TEX. WATER CODE ANN. § 11.0237(a). Under section 311.016 of the Code Construction Act, the term "'may not' imposes a prohibition and is synonymous with 'shall not,'" "unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute." *See* TEX. GOV'T CODE ANN. § 311.016 (Vernon 2005). The Commission, therefore, cannot grant the Foundation the water permit that it applied for, regardless of the trial court's actions in setting aside the Commission's denial order and remanding the application back to the Commission for further

proceedings. *See, e.g., Igal v. Brightstar Info. Tech. Group, Inc.*, No. 04-0931, 2008 Tex. LEXIS 422, at *7 (Tex. 2008) (providing that the legislature establishes the jurisdiction of administrative agencies).

In essence, the trial court's judgment would have no legal effect given the statutory parameters that the legislature has enacted. The Foundation's challenge to the Commission's actions are therefore moot. *See In re Gruebel,* 153 S.W.3d 686, 690 (Tex. App.–Tyler 2005, orig. proceeding) (concluding that a petitioner's application for writ of mandamus became moot when an amendment to the city ordinance that he was challenging became effective). Therefore, we conclude that the trial court erred in reversing the Commission's order because the trial court's judgment would have no legal effect. Appellants/cross-appellees's first issue is sustained,[5] and Foundation's sole issue is overruled.

### III. CONCLUSION

The judgment of the trial court is reversed, and we render a dismissal of the Foundation's trial court action. Furthermore, the trial court's denial of the Foundation's declaratory judgment action is affirmed.[6]

_____
ROGELIO VALDEZ
Chief Justice

Opinion delivered and filed
this the 31st day of July, 2008.

---

[5] This relieves us from having to address appellants/cross appellees' second and third issues, for their resolution would not further affect the outcome of this appeal. *See* TEX. R. APP. P. 47.1.

[6] All pending motions are herein denied as moot.