

**NUMBER 13-07-00443-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,** | **Appellant,** |
| **v.** | |
| **GALVESTON BAY CONSERVATION AND PRESERVATION ASSOCIATION, GALVESTON BAY FOUNDATION, AND MATAGORDA BAY FOUNDATION,** | **Appellees.** |

On appeal from the 345th District Court
of Travis County, Texas.

# O P I N I O N

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Opinion by Chief Justice Valdez**

Appellees, Galveston Bay Conservation and Preservation Association, Galveston

Bay Foundation, (hereinafter collectively referred to as "Galveston Bay") and Matagorda

Bay Foundation, filed permit applications for the appropriation of water for purely environmental purposes with appellant, the Texas Commission on Environmental Quality (hereinafter the "Commission"). The Commission ordered the applications denied for lack of jurisdiction. Appellees sought judicial review before a trial court, which entered a judgment setting aside the denial orders and remanding the applications for a contested-case hearing. The Commission appeals from the trial court's judgment, and, by a single issue, contends that the trial court erred in reversing the Commission's denial orders because the Commission did not have the statutory authority to grant water permits for purely environmental purposes. We reverse and render a dismissal of appellees' suit for lack of jurisdiction.

## I. BACKGROUND

On November 8, 2002, Matagorda Bay Foundation filed a permit application requesting an appropriation of water in the Lavaca River basin and the Colorado-Lavaca and Lavaca Coastal basins for non-consumptive instream use and freshwater inflows into the Matagorda Bay system. On November 12, Galveston Bay filed a similar application for non-consumptive instream use and freshwater inflows for the Trinity-San Jacinto estuary and Galveston Bay. Each appellee tendered the appropriate application fee, and both appellees contend that the applications were administratively complete by the spring of 2003.

While the appellees' applications were pending, Southwestern Electric Power Company filed a motion to dismiss the water permit application of Caddo Lake Institute with the Commission. In response to the power company's motion, the executive director of the Commission recommended dismissing or denying Caddo Lake's application based

2

on the Commission's decision in the San Marcos River Foundation application. *See San Antonio River Auth. v. San Marcos River Found.*, No. 13-06-326-CV (Tex. App.–Corpus Christi Jun. __ 2008, no pet. h.). On August 5, 2003, the executive director of the Commission filed a request to add appellees' applications to the Commission's consideration of the motion to dismiss the Caddo Lake Institute application. On August 18, the Commission issued a notice of potential dismissal of appellees' applications.

On December 19, 2003, the Commission signed two orders that denied appellees's applications. In its orders, the Commission made the following determinations:

> Whereas, certain Texas Water Code statutes enacted by the Texas Legislature reflect this state interest [in protecting instream uses of Texas surface waterbodies] by requiring consideration of instream flows and bay and estuary system maintenance in the granting of state water rights (e.g., Texas Water Code §§ 11.042(b); 11.046(b); 11.134(b)(D); 11.147; 11.1491; 16.058; and 16.059);

> Whereas, the Commission has included provisions relative to these important considerations in various reservoir permits issued since enactment of these statutes and in numerous instream flow requirements on permits issued by the Commission;

> Whereas, the Texas Legislature, in the 78th Regular Session, enacted SB 1639 which states that the waters in the state are held in trust to the public and the right to use state water may be appropriated only as expressly authorized by law;

> Whereas, SB 1639 further states that the legislature has not expressly authorized granting new water rights exclusively for instream flows dedicated to environmental needs or inflows to the state's bay and estuary systems;

> Whereas, current [Commission] regulations regarding the definition of instream use and instream uses as listed beneficial uses (30 TAC §§ 297.1(23) and 297.43(a)(10)) are inconsistent with and unsupported by Texas Water Code Chapter 11 prior to and after its amendment by SB 1639 enacted in the 78th Regular Legislative Session;

> Whereas, while the Commission has approved applications to add instream use designations to four specific water rights permits previously

3

issued for other beneficial purposes, the Commission has not heretofore issued a new permit for instream use only, as contemplated by [these] applciation[s].

The orders denied the applications under section 11.131 of the water code. *See* TEX. WATER CODE ANN. § 11.131 (Vernon 2000).[1] Appellees filed motions for rehearing with the Commission, but the Commission did not act on the motions. Appellees sought judicial review in a Travis County District Court by filing a joint petition. *See id*. § 5.351 (Vernon 2000).

In their joint petition, appellees asserted that the Commission had jurisdiction over their application, *see id*. § 5.013(a)(1) (Vernon Supp. 2007) (providing that the Commission has general jurisdiction over water and water rights including the issuance of water rights permits), and that the Commission had statutory authority to appropriate water for beneficial uses, which according to appellees includes non-consumptive instream uses and freshwater inflows into an estuary system. *See id*. §§ 11.002(4), 11.023(b) (Vernon Supp. 2007). Appellees argued that the Commission erred in summarily denying their applications because the Commission improperly deprived them of a contested hearing and misconstrued the water code's statutory framework by concluding that it could not grant purely environmental permits. The Commission responded to appellees' petition with a general denial.

Appellees moved for summary judgment on three grounds. First, appellees argued

---

[1] Section 11.131(a) of the water code provides:

> The commission shall make a preliminary examination of the application, and if it appears that there is no unappropriated water in the source of supply or that the proposed appropriation should not be allowed for other reasons, the commission may deny the application.

TEX. WATER CODE ANN. § 11.131(a) (Vernon 2000).

4

that the Commission has jurisdiction to entertain their applications because the environmental purposes that they proposed could be defined as a "beneficial use" under the water code. *See id*. § 11.023(b). Appellees further argued that the Commission had administrative authority to grant their applications because the Commission's administrative rules authorized such permits. *See* 30 TEX. ADMIN. CODE § 297.43(a)(10) (1999) (Tex. Comm'n on Envtl. Quality, Water Rights, Substantive) (providing that state water may be appropriated, diverted, or stored for, among other purposes, instream uses, water quality, aquatic and wildlife habitat, or freshwater inflows to bays and estuaries).

The second summary judgment ground advanced by appellees was that section 11.0237(a) of the water code, which was enacted by Senate Bill 1639, created only a temporary moratorium on the issuance of instream flow permits. *See* TEX. WATER CODE ANN. § 11.0237(a) (Vernon Supp. 2007) (providing that the Commission may not issue a new permit for instream flows dedicated to environmental needs or bay and estuary inflows). Section 11.0237(a) expired on September 1, 2005. *Id*. § 11.0237(c). *See* Acts 2003, 78th Leg., ch. 1242, § 2 (expired Sep. 1, 2005) (current version at TEX. WATER CODE ANN. § 11.0237 (Vernon Supp. 2007)). Appellees, therefore, argued that because the moratorium was temporary the legislature envisioned the granting of permits after the moratorium's expiration, and the Commission was obligated to abate appellees's applications until the moratorium had lapsed.

As a final summary judgment ground, appellees argued that the Commission failed to declare their applications administratively complete and that this omission partly lead to the improper denial of a contested-case hearing. In their original petition, appellees

5

asserted that they had filed complete applications and tendered the appropriate fees, and the Commission, therefore, had a ministerial duty to declare their applications administratively complete and proceed to a contested-case hearing.

The Commission responded to appellees's summary judgment motion by arguing that the statutory framework precluded an appropriation of water for purely environmental purposes. The Commission attacked appellees' first summary judgment ground by arguing that the history of water appropriation in Texas has emphasized physical use of water and that appellees' applications did not propose a physical use. The Commission also argued that its environmental protection role was limited to a consideration of how water permit applications, if granted, would impact the environment. *See* TEX. WATER CODE ANN. § 11.147 (Vernon Supp. 2007).

In response to appellees' second and third summary judgment grounds, the Commission argued that section 11.0237(a) of the water code precluded it from granting the permits that appellees sought. *See id*. § 11.0237(a). It also asserted that a contested hearing before the State Office of Administrative Hearings would have been futile because it did not possess statutory authority to grant the permits.

The Commission also sought summary judgment and prayed that its decision to summarily deny appellees a permit without a contested-case hearing be affirmed. On November 20, 2006, the trial court granted appellees' motion for summary judgment, found that the Commission had jurisdiction to hear appellees' permit applications, and found that appellees had a right to a contested-case hearing. It reversed the Commission's denial orders and remanded the applications back to the Commission for further proceedings.

6

This appeal ensued.[2]

## II. DISCUSSION

In the instant case, both parties filed cross-motions for summary judgment and did not dispute the relevant facts in question. This case was appropriate for summary disposition because the trial court was presented with purely questions of law. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When a district court grants one motion and denies the other, an appellate court should determine all questions presented and render the judgment the district court should have rendered. *Id*.

By its sole issue, the Commission argues that it did not have jurisdiction to issue water-use permits for purely environmental purposes when it acted on appellees' applications because the state had instituted a temporary moratorium on such permits. *See* Acts 2003, 78th Leg., ch. 1242, § 2 (expired Sep. 1, 2005) (current version at TEX. WATER CODE ANN. § 11.0237 (Vernon Supp. 2007)). The moratorium on purely environmental water permits has since been made permanent by section 11.0237 of the water code, which provides that:

> The commission <u>may not</u> issue a new permit for instream flows dedicated to environmental needs or bay and estuary inflows. The commission may approve an application to amend an existing permit or certificate of adjudication to change the use to or add a use for instream flows dedicated to environmental needs or bay and estuary inflows.

TEX. WATER CODE ANN. § 11.0237(a) (emphasis added). We are, therefore, confronted

---

[2] This case was transferred from the Third Court of Appeals to the Thirteenth Court of Appeals under a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 1998).

with a mootness issue that must be analyzed at the outset.[3]

A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005); *Bd. of Adjustment of San Antonio v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Under the mootness doctrine, a controversy must involve a dispute of something more than a hypothetical or abstract character. *Securtec, Inc. v. County of Gregg*, 106 S.W.3d 803, 809 (Tex. App.–Texarkana 2003, pet. denied) (citing *Scurlock Permian Corp. v. Brazos County*, 869 S.W.2d 478, 487 (Tex. App.–Houston [1st Dist.] 1993, writ denied)). A case becomes moot when (1) there is no real controversy, or (2) when a party seeks judgment which, when rendered, cannot have any practical legal effect. *Id*. (citing *Scholl v. Firemen's & Policemen's Civil Serv. Comm'n*, 520 S.W.2d 470, 471 (Tex. Civ. App.–Corpus Christi 1975, no writ)).

In section 11.0237 of the water code, the legislature used the phrase "may not" in directing the Commission not to issue new water permits for instream flows dedicated to environmental needs or bay and estuary inflows. *See* TEX. WATER CODE ANN. § 11.0237(a). Under section 311.016 of the Code Construction Act, the term "'may not' imposes a prohibition and is synonymous with 'shall not,'" "unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute." *See* TEX. GOV'T CODE ANN. § 311.016 (Vernon 2005). The Commission, therefore, cannot grant appellees the water permits that

---

[3] In response to the permanent moratorium on purely environmental permits, the Commission has filed a motion requesting that we dismiss this appeal as moot.

they applied for, regardless of the district court's actions in setting aside the Commission's denial orders and remanding the applications back to the Commission for further proceedings. *See, e.g., Igal v. Brightstar Info. Tech. Group, Inc.*, No. 04-0931, 2008 Tex. LEXIS 422, at \*7 (Tex. 2008) (providing that the legislature establishes the jurisdiction of administrative agencies).

In essence, the trial court's judgment would have no legal effect given the statutory parameters that the legislature has enacted. Appellees' challenges to the Commission's actions are therefore moot. *See In re Gruebel,* 153 S.W.3d 686, 690 (Tex. App.–Tyler 2005, orig. proceeding) (concluding that a petitioner's application for writ of mandamus became moot when an amendment to the city ordinance that he was challenging became effective). Therefore, we conclude that the trial court erred in reversing the Commission's orders because the trial court's judgment would have no legal effect. The Commission's sole issue is sustained.

### III. CONCLUSION

The judgment of the trial court is reversed, and we render a dismissal of appellees' district court action for lack of jurisdiction.[4]

_____
ROGELIO VALDEZ
Chief Justice

Opinion delivered and
filed this the 31st day of July, 2008.

---

[4] All pending motions are herein denied as moot.

9