

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00310-CV

JACK COLBERT,

Appellant

v.

KELLY COLBERT AND 3S RELO TRANS, LLC,

Appellees

From the 272nd District Court
Brazos County, Texas
Trial Court No. 05-002094-CV-272

## MEMORANDUM OPINION

Kelly Colbert and 3S Relo Trans, L.L.C. ("Kelly") sued Jack Colbert and Christopher Colbert, alleging various causes of action. Kelly served Jack and Christopher with requests for disclosure, production, and interrogatories and later filed a motion to compel their responses. The trial court ordered "Defendant Christopher M. Colbert" to serve responses by a certain date and pay Kelly's reasonable attorney's fees. Jack was not mentioned in this first order. Kelly later filed a second motion to compel and for sanctions against the "Defendants." At the conclusion of a hearing on the

motion, the trial court found, "Defendants have contumaciously and with great stubborn disobedience flaunted the discovery rules and the Court's previous court order." The trial court ordered death penalty sanctions against both Jack and Christopher and subsequently entered a default judgment against them. In three issues, Jack challenges the trial court's second order granting death penalty sanctions.[1] We reverse and remand.

## RESTRICTED APPEAL

A restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *Campbell v. Fincher*, 72 S.W.3d 723, 724 (Tex. App.—Waco 2002, no pet.). It must: (1) be brought within six months after the judgment is signed; (2) by a party to the suit; (3) who did not participate at trial; and (4) the error complained of must be apparent from the face of the record. *Id; see* TEX. R. APP. P. 26.1(c); *see also* TEX. R. APP. P. 30. The parties do not dispute the first three requirements, leaving only the issue of whether Jack demonstrates error on the face of the record. *See Campbell*, 72 S.W.3d at 725.

## ANALYSIS

In his first and second issues, Jack contends that the trial court's order granting death penalty sanctions was improper because he was not the party who violated the order to compel and the trial court failed to test lesser sanctions against him. In his third issue, Jack contends that this sanctions order violates his due process rights. We review a trial court's ruling on a motion for sanctions for abuse of discretion. *Cire v.*

---

[1] Christopher did not file a notice of appeal.

*Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004); *Van Es v. Frazier*, 230 S.W.3d 770, 777 (Tex. App.—Waco 2007, pet. denied).

A trial court has discretion to impose sanctions, but any sanction must be "just:" there must be (1) a direct relationship among the offensive conduct, the offender, and the sanction imposed, and (2) the sanction must not be excessive. *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003) (per curiam); *Van Es*, 230 S.W.3d at 777. Sanctions must be imposed on the "true offender." *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). Making a party liable for discovery expenses that are caused by another party's misconduct does not further any of the purposes that discovery sanctions were intended to further. *Bodnow Corp. v. Hondo*, 721 S.W.2d 839, 840 (Tex. 1986).

The trial court's death penalty sanctions order states: "*Defendants* failed to respond to Plaintiffs' discovery requests in the time and manner prescribed by the rules *and as further ordered by this Court*." Unlike Christopher, Jack was not instructed in the first order to respond to Kelly's discovery requests; thus, he was not the offending party and cannot be sanctioned for Christopher's conduct.[2] *See Jones*, 192 S.W.3d at 583; *see also Bodnow*, 721 S.W.2d at 840.

---

[2] We also note that Jack and Christopher were represented by the same attorney to whom the discovery requests, motions to compel, and orders were sent. The record does not indicate that the trial court attempted to determine who was responsible for the offensive conduct:

> The trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both. This we recognize will not be an easy matter in many instances. On the one hand, a lawyer cannot shield his client from sanctions; a party must bear some responsibility for its counsel's discovery abuses when it is or should be aware of counsel's conduct and the violation of discovery rules. On the other hand, *a party should not be punished for counsel's conduct in which it is not implicated apart from having entrusted to counsel its legal representation*.

Kelly argues that the trial court intended to include Jack in the first order because Jack and Christopher were both represented by the same attorney, simultaneously served with discovery, failed to respond to discovery, and named in the motion to compel; thus, Jack's conduct was no different from Christopher's and the trial court so found at the hearing. However, the trial court could not order death penalty sanctions against Jack without notice and hearing. *See* TEX. R. CIV. P. 215.2(b); *see also* TEX. R. CIV. P. 215.3; *Cire,*134 S.W.3d at 843. Even assuming that the trial court intended to include him in the first order, there was no notice that *Jack's* alleged failure to comply with the order would result in sanctions.

Accordingly, while lesser sanctions were tested against Christopher, they were not tested against Jack. *See Davenport v. Scheble*, 201 S.W.3d 188, 194 (Tex. App.—Dallas 2006, pet. denied) ("[T]he trial court previously imposed lesser sanctions when it granted Scheble's motion to compel discovery and ordered Davenport to pay her attorney's fees."). Neither can we say that this is an "exceptional" case justifying imposition of death penalty sanctions without the imposition of lesser sanctions. *See Cire*, 134 S.W.3d at 842 (Violation of three court orders compelling production of audiotapes and destruction of audiotapes was "an exceptional case" warranting imposition of death penalty sanctions without first testing lesser sanctions).

Because neither requirement for imposing death penalty sanctions is met, the trial court abused its discretion by imposing death penalty sanctions against Jack. We sustain issues one and two and need not address issue three. *See* TEX. R. APP. P. 47.1.

---

*TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (emphasis added).

The judgment is reversed as to Jack Colbert and this case is remanded for further proceedings consistent with this opinion.

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Reversed and remanded
Opinion delivered and filed August 12, 2009
[CV06]