

# NUMBER 13-12-00591-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LCS CORRECTIONS SERVICE INC., D/B/A
COASTAL BEND DETENTION CENTER                            Appellant,

v.

KIMBERLY CHAVERA,                                          Appellee.

On appeal from the 28th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

This is a restricted appeal challenging a default judgment taken by Kimberly Chavera, appellee, against her former employer, appellant LCS Corrections Services, Inc. ("LCS"). We affirm.

# I. BACKGROUND

LCS employed appellee as a corrections officer in a private prison LCS runs in Robstown, Texas. Appellee injured her foot during her employment in December 2010. She took several months off of work and filed a worker's compensation claim. In September 2011, LCS terminated appellee's employment, allegedly because she did not return to work for "light duty" after being asked to do so several times. Appellee filed suit, alleging retaliatory termination for filing a workers' compensation claim. LCS did not respond to the suit, and appellee took a default judgment on April 23, 2012. LCS filed an untimely motion for new trial on June 29, 2012 and an "amended" motion on July 10, the day after the trial court denied the first motion. LCS filed a notice of restricted appeal on September 5, 2012.[1]

On June 27, 2012, appellee filed a separate garnishment action against LCS's bank to recover its judgment.[2] LCS attempted to intervene, but the case ended with appellee taking an agreed judgment. LCS filed a motion for new trial in the garnishment case that was overruled by operation of law when the trial court declined to act on it. LCS did not file a supersedeas bond or notice of appeal in the garnishment case, and the time to do so has now expired. LCS filed a motion in this case to suspend enforcement of the judgment in the garnishment case. We denied LCS's motion and set the case for oral argument. The judgment has been paid in full by LCS's bank.

---

[1] LCS does not dispute that they were served with process, but states that LCS's designated Texas agent forwarded the lawsuit to one of LCS's owners in Florida and not to LCS's corporate headquarters in Louisiana. As a result, LCS asserts that they did not know of the case until they received post-judgment discovery.

[2] That case is *Kimberly Chavera v. Bank of America, N.A.*, No. 2012DCV-2926-A (28th Dist. Ct. Nueces County, Tex. Sept. 12, 2012).

## II. DISCUSSION

LCS argues that: (1) the trial court erred in granting the default judgment because there is no record of the proceeding in which the default judgment was entered; (2) the trial court erred in denying appellant's motion for new trial because the trial court clerk did not send appellant notice of the default judgment; (3) the trial court erred in allegedly awarding appellee unliquidated damages without first hearing evidence; and (4) the trial court erred in awarding appellee attorneys' fees without first hearing evidence.

### A. Applicable Law

To prevail on a restricted appeal, the appellant must establish that: (1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post judgment motions or requests for findings of facts and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.—Corpus Christi 2003, no pet.). The first three requirements are jurisdictional, and we may not consider the appeal if they are not met. *Clopton v. Park*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied); *see also* TEX. R. APP. P. 30. A restricted appeal is a direct attack on the judgment; the only limitation on the scope of review is that error must be apparent on the face of the record. *Norman Commc'ncs v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Autozone*, 108 S.W.3d at 919. For these purposes, "the record" constitutes all documents on file with the court of appeals, and all evidence that was before the trial court. *Alexander*, 134 S.W.3d at 848–49 (citing *General Electric Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991)).

3

## B. Discussion

The only question in this case is whether appellant can show that error is apparent on the face of the record.[3]

Appellant first argues that the trial court erred in granting the default judgment "because no record was made of the proceeding." Appellant's issue recites that statement but cites to no authority that requires the trial court to hold an oral hearing before rendering a no-answer default judgment. Appellant cites two cases, *Smith v. Smith*, 544 S.W.2d 121, 123 (Tex. 1976) and *Alvarado v. Reif*, 783 S.W.2d 303, 304–05 (Tex. App.—Eastland 1989, no writ.), but both cases are inapplicable to these facts. The appellants in both *Smith*[4] and *Alvarado*[5] were granted a new trial because the trial court held hearings on the merits or heard evidence on damages that were not recorded, and the appellate courts were consequently unable to review the judgment. Appellant does not explain why these cases support its argument in this case or cite to other relevant authorities. Accordingly, we hold that appellant has waived its first issue. TEX. R. APP. P. 38.1(i); *see Valdez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver.").

---

[3] Appellee also stated in the beginning of her brief that as a result of the payment, "the case appears moot." We do not agree. "A case becomes moot when (1) there is no real controversy, or (2) when a party seeks a judgment which, when rendered, cannot have any practical legal effect." *Tex. Comm'n on Enviro. Quality v. San Marcos River Found.*, 267 S.W.3d 356, 360 (Tex. App.—Corpus Christi 2008, pet. denied). Although the procedural posture of this case is unusual in that appellant's bank has already paid the judgment in full, appellant has brought a timely restricted appeal challenging the judgment that the bank paid on. If we were to reverse the judgment in this case, LCS could conceivably recover against its bank or appellee. In short, there is still very much a real controversy between the parties.

[4] *Smith* is a divorce and child custody case where the father filed a response but did not participate in the trial on the merits. He subsequently filed for a writ of error and was granted a new trial when he was unable to procure a reporter's record through no fault of his own because none was made. 544 S.W.2d at 123.

[5] In *Alvarado*, the court of appeals remanded for a new trial on the issue of damages when the trial court heard evidence on damages in an oral proceeding but the court reporter made no record of it. 783 S.W.2d at 304–05.

4

Appellant argues in its second issue that the trial court erred in denying its "Motion for New Trial – No Notice" because the trial court clerk did not send notice of the default judgment to appellant as required by the rules of civil procedure. *See* TEX. R. CIV. P. 239a. Appellant does not cite authorities in support of its argument other than the rule itself.[6] Although the rule does require the trial court clerk to send notice of the default judgment, the rule "is designed as an administrative convenience for the parties, and failure to give notice of the entry of a default judgment does not constitute reversible error" on restricted appeal because it requires the moving party to prove extrinsic facts outside of the record. *Campbell v. Fincher*, 72 S.W.3d 723, 724 (Tex. App.—Waco 2002, no pet.); *see also Long v. McDermott*, 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ). Whether or not the trial court clerk actually mailed notice to appellant in this case is irrelevant because failure to give notice is not reversible on a restricted appeal.[7] *Campbell*, 72 S.W.3d at 724; *Long*, 813 S.W.2d at 624. If extrinsic evidence is necessary to attack a no-answer default judgment, a moving party should file a motion for new trial or bring a bill of review. *Alexander*, 134 S.W.3d at 848 ("The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial . . . or by bill of review filed in the trial court" (internal quotations omitted)). We overrule appellant's second issue.

In its third issue, appellant argues that the trial court erred in awarding appellee her lost wages in damages. Appellant argues that in a claim for unliquidated damages, the trial court must receive evidence of the causal connection between the event sued

---

[6] Appellant cites to one case, *Bloom v. Bloom*, 767 S.W.2d 463, 468 (Tex. App.—San Antonio 1989, writ denied), but only for the proposition that the purpose of Rule 239a is to give the other party an opportunity to file a motion for new trial.

[7] The record contains appellee's certification of the appellant's last known address, as required by rule. *See* TEX. R. CIV. P. 239a. Appellant did not present any evidence regarding whether or not the trial court mailed notice of the judgment.

5

on and the claimant's injuries. *See* TEX. R. CIV. P. 243. Prior to the trial court's award of damages, appellee submitted an affidavit to the trial court in which she discussed her claimed damages (in the form of lost wages) in detail. Appellant appears to argue that the lack of a reporter's record renders the judgment deficient, but an affidavit can satisfy the rule's evidence requirement. *See Tex. Commerce Bank, N.A. v. New*, 3 S.W.3d 515, 517 (Tex. 1999) ("The trial court did not err when it considered the affidavits in rendering its default judgment."). Because appellant does not address how the affidavit in this case was insufficient, we overrule appellant's third issue.

In its fourth issue, appellant argues that the trial court erred in awarding $21,818.16 in attorney's fees. Appellant again complains that there is no "record, no testimony and no evidence" but does not cite any authorities or develop its argument to explain why appellant's affidavit was insufficient to support the award of attorney's fees. Because appellant fails to develop its argument and cite supporting authorities, we find that appellant has waived this issue. *See* TEX. R. APP. P. 38.1(i); *Valdez*, 238 S.W.3d at 845. We overrule appellant's fourth issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
4th day of April, 2013.

6