**Petition for Writ of Mandamus Denied and Opinion filed July 12, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00480-CV

## IN RE JENNIFER BRADEN, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**328th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 14-DCV-216657**

## MEMORANDUM OPINION

On June 24, 2016, relator Jennifer Braden filed an amended petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ronald R. Pope, presiding judge of the 328th District Court of Fort Bend County, to vacate: (1) a June 13, 2016 Temporary Order that relator deliver the child to Hussain Rahim for his extended summer possession at the Fort Bend County Sheriff's Department on June 15,

2016, and that the Sheriff or Police officer is authorized to take whatever lawful action necessary to enforce this order, including taking the child and delivering the child into the possession of Hussain Rahim (Temporary Order), and (2) the June 16, 2016 Order for Issuance of a Writ of Attachment that the clerk issue a writ of attachment commanding any sheriff or constable to take the body the child, and deliver the child into the possession of Hussain Rahim (Writ of Attachment). Relator also filed an amended emergency motion for stay asking this court to stay proceedings in the trial court, the Temporary Order, and the Writ of Attachment.

To obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Relator has not established that the trial court clearly abused its discretion.

Further, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

Relator also has not provided an adequate record. The pleadings in the mandamus record are not certified or sworn to as required by Rule of Appellate Procedure 52.7. Additionally, the Temporary Order appears to be predicated on and constitute a final child custody and conservatorship order. That conservatorship order appears to be material and is not in the mandamus record.

Additionally, "[a] case becomes moot when (1) there is no real controversy, or (2) when a party seeks a judgment which, when rendered, cannot have any practical legal effect." *Tex. Comm'n on Enviro. Quality v. San Marcos River Found.*, 267 S.W.3d 356, 360 (Tex. App.—Corpus Christi 2008, pet. denied); *Securtec, Inc. v. County of Gregg*, 106 S.W.3d 803, 809 (Tex. App.—Texarkana 2003, pet. denied). The court will not issue mandamus "if for any reason it would be useless or unavailing." *Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995).

The Temporary Order provides that the Sheriff or Police officer is authorized to take whatever lawful action necessary to enforce this order, including taking the child and delivering the child into the possession of Hussain Rahim. The Writ of Attachment is duplicative of the Temporary Order in that both orders authorize the sheriff or police officer to take possession of the child. Relator is not entitled to mandamus relief from the Temporary Order because relator has not shown that such order was an abuse of discretion. Accordingly, granting a writ of mandamus that compels the trial court to vacate the Writ of Attachment would be useless and have no practical legal effect. Relator's mandamus challenge to the Writ of Attachment is therefore moot.

For these reasons, we deny relator's amended petition for writ of mandamus and relator's amended emergency motion for stay.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison.

3